CaRtjtheRS, J.,
delivered the opinion of the court.
This is an action of debt for the use and occupa *85 tion of a house and lot in the town of Clarksville from 1846, to the death of the intestate, in 1851.
The defendant felt it to be his duty, as administrator, to rely upon the defence of the statute of 1715, ch. 27, sec. 5, by which '‘actions of debt for arrearages of rent” are limited to three years. The court charged the jury that the act of 1715, applied to this action, so the plaintiff must, therefore, he limited in his recovery to three years from the commencement of his suit.
The plaintiff recovered according to the charge, but believing the limitation to he six years, instead of three, appealed in error to this court, from the judgment of the court refilling a new trial, for this supposed misdirection of the jury.
The single question presented is, whether this action of debt is for “arrearages of rent,” in the meaning of the act. If not, and there is no other bar for this action, in our legislation, it must fall under the English statute of 21, James 1, ch. 16, sec. 3, which has been declared to be in force here, except so far, as7 it has been superseded by our own act. That is more general in reference to the action of debt, and embraces all such actions, as are '■‘■grounded on any binding, or contract without specialty.” Oar. and Rich., 770. For some reason satisfactory to themselves, the time of limitation was only shortened by the legislature in 1715, in the action of debt in the single case specified. To say no more of it, certainly the argument made by the counsel for the plaintiff, that the word “rent,” has a technical meaning, in which it was used in the act of 1715, and that the same does not embrace an unsettled *86 claim for the use of land, is quite plausible. But still, we regard such a construction 'as too close and technical, to be applied to the language used by a legislature of plain and practical men. It is true, that the word “rent” has a legal and technical signification, and means a certain profit, which issues yearly out of lands and tenements, and is generally fixed by contract, and payable annually, and had in England, a preference over other debts in payments by execution, as it savors of the realty, and might be collected by the summary remedy of distress. Oomyn on Land, and Ten., page 96. Law Lib., 29. Eng. Com. L. B., 168-11. Same, 810.
It is also true, that the action of debt, for use and occupation, is of comparatively modern origin, perhaps the first instance of it since the year 1716; but it has since become the most common action for the recovery of remuneration for the use of lands, and has, to a great extent, superseded the same action for rent, properly so called — as it requires less particularity in declaring, and more latitude in the proof, not requiring a special contract, fixing the terms and price to be averred or proved, but only the use of the land and the reasonable price.
An action of indebitatus assumpsit was always a concurrent remedy with debt for the use of land, where there was no demise under seal. There are, as argued, many points of distinction between an action of debt or assumpsit for rent, properly so called, and remuneration for occupation of land. The first, being fixed and certain in amount, as well as time by contract, and the latter, unsettled as to the amount, and for no *87 particular time, depending on tbe .facts, instead of express contract for botb. It is bare permissive use of another’s land, for which the occupant is liable for the time he is in possession, and no • longer,, and for the amount it is proved to be reasonably worth. Whereas, the renter, by special contract is bound for the sum stipulated, whether he owns the property or not, and for the time agreed upon in any event. In these, and other respects, as well as in the rules of pleading and evidence, there is certainly a dissimilarity in the two cases, but still, it is not perceived how this can affect the application of the statute of limitations. .
There is no reason to be found in the policy of the act of 1715, shortening the time for the bar in debt for- rent, that would not apply to the same action for use and occupation. Indeed, that policy would seem to dictate the reverse. All acts of limitations are for the benefit of defendants, to protect them from stale demands, and save them from the consequences of loss of evidence, or death, or forgetfulness of witnesses. If this be so, then there would certainly be more danger from a claim indefinite and undefined by contract, than one rendered special and definite by distinct stipulations, either verbally or in writing.
It can hardly be supposed, that when the legislature, in the act of 1715, prescribed three years as the limitation of .an action of debt, for “rent” that they intended the time should still continue .to be six years, under the act of James 1st, if in the same form of action then, or afterwards adopted in practice, the action .should be grounded on “the use and occupation,” instead of a technical renting. The action is still in *88 substance, the same.. It is for the recovery of a just remuneration for the use of the property. In the one case, there is an express, and in the other, an implied contract to pay what is right — in the former, -the price is fixed by the parties, and in the other, by the proof of witnesses; but the consideration and the substance of the debt sued for, is still the same.
It has been well settled in this State, that although the bar of the statute applies to the form of the action, yet, if since the statute, other remedies are given for the same kind of demands, as by motion, instead of the ordinary action, yet the same limitation prescribed for the action, will be applied to the new remedy.
There was no error in the charge, and the judgment will be affirmed.